# EXHIBIT 1

FILED
3/30/2016 10:19:04 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

CITCML SAC2

CAUSE NO. **2016CI05482**

| | | |
|---|---|---|
| DUSTIE CLOSSON | ) | IN THE DISTRICT COURT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **288** JUDICIAL DISTRICT |
| | ) | |
| CITIMORTGAGE, INC. | ) | |
| | ) | |
| Defendant. | ) | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW DUSTIE CLOSSON as Plaintiff files this case against her mortgage servicer, Defendant CITIMORTGAGE, INC., for its failure to respond to requests for information concerning the debt it seeks to enforce through foreclosure. Plaintiff seeks equitable relief and statutory damages.

### A.

### INTRODUCTION / SUMMARY

1.    Plaintiff owns real property located at 330 Cedron Chase, San Antonio, Texas 78253.

2.    Defendant identifies itself as the Mortgage Servicer and Noteholder of Plaintiff's loan.

3.    Defendant has scheduled a foreclosure sale of the property on November 3, 2015.

4.    Plaintiff has tendered to Defendant a Qualified Written Request seeking information regarding the account maintained by Defendant.

5.    The Qualified Written Request seeks, among other information, the true source of funding, if any, to the transaction where Plaintiff was induced to execute a promise to make monthly payments for the property.

6.    Defendant must substantially comply with its obligation to respond to the QWR in a timely manner.

7.    Defendant must also suspend any further collection activity, specifically foreclosure.

8.    Defendant has, however, not postponed the foreclosure sale despite receipt of Plaintiff's QWR.

9.     Plaintiff moves this Court to enjoin the foreclosure sale presently scheduled for Tuesday, April 5, 2016, and seeks the recovery of all damages to which he is entitled for Defendant's conduct alleged herein.

**B.**

**PARTIES**

10.     Plaintiff DUSTIE CLOSSON is the owner of the real property located at 330 Cedron Chase, San Antonio, Texas 78253.

11.     Defendant CITIMORTGAGE, INC., is an out of state entity that conducts business in the State of Texas. This Defendant may be served with process by certified mail through any executive officer at its principal place of business at 1000 Techonology Drive, O'Fallon, Missouri 63328-2240.

**C.**

**DISCOVERY CONTROL PLAN**

12.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery in the case under Level 2.

**D.**

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over this lawsuit. The damages sought by Plaintiff are within the jurisdictional limits of the Court.

14.     Venue in Bexar County is proper pursuant to Section 15.011 of the Texas Civil Practice & Remedies Code because this action involves real property located in Bexar County.

**E.**

**FACTS and ALLEGATIONS**

15.     Plaintiff Dustie Closson is a record title holder to the real property located at 330 Cedron Chase, San Antonio, Texas 78253 (the "Property").

16.     Plaintiff took title to the Property by virtue of a Deed recorded in the public records of Bexar County.

17.     Defendant alleges that Plaintiff accepted a loan at the time she acquired the Property. Defendant contends that Plaintiff is indebted to it (Defendant) for repayment of the money that was loaned.

18.     In this "loan" transaction, Plaintiff signed a Note that promised to pay for a loan that she (already) received.  However, the Note itself was a check deposited into an account from which Defendant made the purported loan to Plaintiff.

19.     As part of the Federal Reserve System (the central bank), Defendant is able to loan ten (10) times the amount of its deposits.  By depositing the Note, Defendant availed itself to "loaning" ten times the amount of the Note which was deposited into its account.

20.     Defendant loaned to Plaintiff the money created by depositing Plaintiff's promise to pay in to a deposit account.   Defendant did not loan any money of its own and has no loss attributable to Plaintiff's alleged default.

21.     In absence of a loss, the taking of Plaintiff's property to repay a loan that was generated from the Plaintiff's own promise to pay, would be unwarranted and fraudulent.

22.     So far, Plaintiff and tendered to Defendant a Qualified Written Request (QWR) under the Real Estate Settlement Procedures Act.  During the discovery process, Plaintiff will seek the book entry ledger maintained by Defendant wherein she will establish that she created the money used to purchase the Property.

23.     A QWR is a letter written to the mortgage servicer to: (a) resolve errors related to the account and/or (b) **obtain information regarding the account**.  In this case, this QWR was tendered to obtain information regarding the account of Dustie Closson and the Property.

24.     The QWR specifically seeks information that relates to the prior and present whereabouts of the Note signed at closing.

25.     Pursuant to Texas Business & Commerce Code Sec. 3-301 and 3-302, Defendant must establish its proof of claim to, or rights in, the Note. The QWR tendered seeks this information.

26.     Before acceleration and foreclosure, Defendant must establish its claim to the Note directly, or establish that it has a servicing agreement with the entity that can establish a claim to, or rights in, the Note. The verification of any claim must be sworn to under oath by an individual with personal knowledge of the

PAGE 3

facts establishing the claim.

27.    Further, pursuant to Texas Business & Commerce Code Sec. 3-501(b)(2), Defendant must exhibit the instrument for inspection as part of the proof necessary to establish its claim to, or rights in, the Note.

28.    This is not to be confused with Texas courts' rulings that a mortgagee need not "show me the note" in order to proceed with a foreclosure sale.  However, a mortgagee necessarily represents to the homeowner and public at large that it has rights in Note before it forecloses.  Plaintiff wants for Defendant to establish its rights.

29.    Plaintiff takes any issue with Defendant attempting to establish its claim to, and rights in, the Note through the production of a photocopy of same.  A photocopy of the Note is not only subject to manipulation and alteration, but there it does not establish its present whereabouts and existence, especially in light of the widespread securitization of residential mortgage instruments.

30.    Defendant must substantially respond to the requested information before continuing with any collection activities against Plaintiff, especially in that Defendant is seeking to take Plaintiff's home.

F.

**TEMPORARY RESTRAINING ORDER**

31.    Each and all of the foregoing pleadings are to be by reference incorporated here as though stated in full.

32.    Plaintiff's interest in the Property is subject to irreparable harm by Defendant's intent to foreclose on Tuesday, April 5, 2016.

33.    Plaintiff seeks to enjoin said foreclosure sale and maintain the *status quo* between the parties pending resolution of this action.

34.    Plaintiff seeks information that establish necessary conditions precedent to Defendant's scheduled foreclosure sale.

35.    Plaintiff's entitlement to the information sought is a claim for which there is a substantial likelihood she will prevail under the existing circumstances.

PAGE 4

36.    Plaintiff has no adequate remedy at law for both the factual and threatened injuries just described.

37.    Plaintiff's property rights involved are utterly unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damage and injury caused as a result of the foreclosure sale.

38.    For these reasons, it is essential that the Court immediately and temporarily restrain Defendant from continuing with the scheduled foreclosure sale of the Property.

39.    It is essential that the Court act immediately, prior to notice on the Defendant and a hearing on the matter, because Defendant intends to sell the property at foreclosure on Tuesday, April 5, 2016.

40.    Plaintiff requests that, after hearing on a temporary restraining order that Defendant and/or its agents, be enjoined from prosecuting any continuance of a foreclosure sale of the subject property pending a trial on the merits of this case.

41.    Plaintiff is willing to post a bond which the Court deems fair and reasonable under the circumstances. The Property itself provides adequate protection from any loss resulting from an injunction granted improvidently. Therefore, Plaintiff seeks a bond no more than $100.00.

## G.

## PRAYER

**WHEREFORE PREMISES CONSIDERED** Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff be awarded judgment: (a) Monetary relief of less than $100,000 and non-monetary relief; and (b) Such other and further relief at law and/or in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

Wade Kricken
State Bar No. 24034527
2711 N. Haskell Ave., Suite 550
Dallas, Texas 75204
214.256.9288 – direct
214.593.3108 – facsimile
wade@krickenlawfirm.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE

Pursuant to Local Rules of Bexar County, Texas, the undersigned certifies that a true and accurate copy of the foregoing petition and request for injunctive relief was provided to attorneys with the law firm of Shapiro Schwartz LLP, foreclosure counsel for Defendant. The undersigned advised said attorneys that Plaintiff herein intends to present the request for injunctive relief for consideration on the afternoon of March 30, 2016; that if Defendant wishes to be heard on the matter to contact the undersigned or the Bexar County District Clerk's office.

Wade Kricken

PAGE 6

VERIFICATION

STATE OF TEXAS

COUNTY OF DALLAS


BEFORE ME, the undersigned authority, personally appeared Juan Ramirez Plaintiff herein, who, on oath, stated that the statements made in the foregoing PLAINTIFF'S ORIGINAL PETITION are true and correct.


_____
Juan Ramirez


SUBSCRIBED AND SWORN TO BEFORE ME on this the _____day of_____, 2016, to certify which witness my hand and seal of office.



_____
Notary Public, State of Texas


PAGE 7

# POWER OF ATTORNEY

## KNOW ALL MEN BY THESE PRESENTS:

Dustie Closson hereinafter referred to as PRINCIPAL, in the

County of Collin State of Texas, do(es) appoint/give

Power of Attorney to Juan Ramirez

In principal's name, and for principal's use and benefit, Juan Ramirez is authorized hereby;

(1) To demand, sue for, collect, and receive all money, debts, accounts, legacies, bequests, interest, dividends, annuities, and demands as are now or shall hereafter become due, payable, or belonging to principal, and take all lawful means, for the recovery thereof and to compromise the same and give discharges for the same;

(2) To buy and sell land, make contracts of every kind relative to land, any interest therein or the possession thereof, and to take possession and exercise control over the use thereof;

(3) To buy, sell, mortgage, hypothecate, assign, transfer, and in any manner deal with goods, wares and merchandise, chooses in action, certificates or shares of capital stock, and other property in possession or in action, and to make, do, and transact all and every kind of business of whatever nature;

(4) To execute, acknowledge, and deliver contracts of sale, escrow instructions, deeds, leases including leases for minerals and hydrocarbon substances and assignments of leases, covenants, agreements and assignments of agreements, mortgages and assignments of mortgages, conveyances in trust, to secure indebtedness or other obligations, and assign the beneficial interest thereunder, subordinations of liens or encumbrances, bills of lading, receipts, evidences of debt, releases, bonds, notes, bills, requests to reconvey deeds of trust, partial or full judgments, satisfactions of mortgages, and other debts, and other written instruments of whatever kind and nature, all upon such terms and conditions as said attorney shall approve.

Giving and granting to Juan Ramirez full power and authority to do all and every act and thing whatsoever requisite and necessary to be done relative to any of the foregoing as fully to all intents and purposes as principal might or could do if personally present.

All that Juan Ramirez shall lawfully do or cause to be done under the authority of this power of attorney is expressly approved.

Dated: ___05/16/2014___       /s/___*Dustie Closson*___

SWORN TO AND SUBSCRIBED before me ___*May 16*___, 2014.

___*Brandy Hall*___
NOTARY PUBLIC

Brandy Hall
Notary Public
State of Texas
My Commission Expires 04/01/2015
[Seal]

PAGE 8