IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DUSTIE CLOSSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:16-cv-00364-FB-JWP |
| | § | |
| CITIMORTGAGE, INC. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
### PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM

Defendant CitiMortgage, Inc. (**CMI**) moves to dismiss[1] the claims asserted by plaintiff Dustie Closson (**Closson**) in her original petition[2] for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, CMI respectfully shows the following:

### I.   SUMMARY OF ARGUMENT

Closson filed this suit to avoid a foreclosure sale scheduled for April 5, 2016. She does not assert any cause of action. Seeking only temporary injunctive relief, Closson argues CMI should not be permitted to foreclose because she claims she sent a qualified written request (**QWR**) to CMI pursuant to the Real Estate Settlement Procedures Act, 12 USC § 2601, *et seq*. (**RESPA**), which, at the time she filed her petition, had not been responded to. The QWR allegedly "seeks . . . the true source of funding" of her loan and "information that relates to the

---

[1] Despite Clossen not having requested citation be issued, and CMI not having been formally served with the petition in this action, CMI moves to dismiss Clossen's petition to avoid a default being entered against it pursuant to this Court's order (ECF No. 4). *See* FED. R. CIV. P. 81(c)(2) ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed.")
[2] *See* Plaintiff's Original Verified Petition (**Complaint**), Docket 1-2.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**                                                                      **Page 1 of 9**
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

prior and present whereabouts of the Note signed at closing."[3] CMI is not required to respond to this nonsensical, "show-me-the-note" demand, nor would it be required to postpone the foreclosure sale even if Clossen served it with a proper QWR. For these reasons, as well those set forth below, Closson's petition must be dismissed because it fails to state a claim upon which relief may be granted.

## II. FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

There are few well-pleaded facts in Closson's petition. According to the sparse allegations—which, for purposes of this motion, must be taken as true—and publicly-available documents related to the property, Closson "is the owner of the real property located at 330 Cedron Chase, San Antonio, Texas 78253" (the **property**).[4] This contention is in contradiction with the public records, which show the property was deeded by Adam and Dustie Closson to 330 Cedron Trust[5] on July 3, 2013.[6] 330 Cedron Trust then deeded the property on May 1, 2015 to Pacific Standard Holdings.[7] Of note, despite the complaint's allegation CMI "is seeking to take Plaintiff's home,"[8] it does not appear Closson herself is involved in the prosecution of this action, as the petition is verified by an individual named Juan Ramirez.[9] A copy of a power of attorney from Closson to Juan Ramirez dated May 16, 2014 is attached to the complaint.

---

[3] *See* Complaint ¶ 24.
[4] *See* Complaint ¶ 10.
[5] 330 Cedron Trust filed two prior actions related to this property, both of which were removed to this Court and dismissed. In the first case, 5:14-cv-00465-DAE, a stipulation for dismissal with prejudice was entered on July 2, 2014 (Docket 7). The second case, 5:14-cv-00933-XR, was dismissed by the court following CMI's motion for judgment on the pleadings (Docket 9).
[6] *See* Deed History, Bexar CAD Property Search Results for 330 Cedron Chase, attached as **Exhibit A**.
[7] *See* Deed History, Bexar CAD Property Search Results for 330 Cedron Chase, attached as **Exhibit A**.
[8] *See* Complaint ¶ 24.
[9] Mr. Ramirez's relationship to Closson and/or the property is unclear and it is equally unclear on what basis he was able to verify information related to Closson's alleged transmittal of a QWR to CMI.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**     **Page 2 of 9**
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

Closson alleges CMI "has identified itself as [her] Mortgage Servicer and Noteholder[,]"[10] demanded payment from her,[11] and scheduled the property to be sold at a foreclosure sale on April 5, 2016.[12] The controversy identified by Clossen is the alleged source of the funds for her loan. According to Clossen, "[she] signed a note that promised to pay for a loan that she (already) received. [T]he note itself was a check deposited into an account from which [CMI] made the purported loan to [her]."[13] In other words, Clossen explains, "[CMI] loaned to [her] the money created by depositing [her] promise to pay in to a deposit account. [CMI] did not loan any money of its own and has no loss attributable to [Clossen]'s alleged default."[14] "In absence of a loss," Clossen contends, "the taking of [her] property to repay a loan that was generated from [her] own promise to pay would be unwarranted and fraudulent."[15]

Closson alleges she sent a QWR to CMI seeking information regarding "the true source of funding" of the loan and "relat[ing] to the prior and present whereabouts of the Note signed at closing."[16] As best can be inferred from her allegations, Closson appears to suggest that by sending the QWR requesting information about the note, CMI somehow became obligated under the Texas Business & Commerce Code to "establish its proof of claim to, or rights in, the Note[,]" including "exhibit[ing it] for inspection."[17] Closson contends CMI must postpone the foreclosure sale until it had responded to her alleged request.[18]

---

[10] *See* Complaint ¶ 2.
[11] *See* Complaint ¶ 17.
[12] *See* Complaint ¶ 9, 39; *see also id.* ¶ 2 (incorrectly identifying sale date as November 3, 2015).
[13] *See* Complaint ¶ 18.
[14] *See* Complaint ¶ 20.
[15] *See* Complaint ¶ 21. At least one federal court has described similar allegations as "nonsensical." *See Wagner v. CitiMortgage, Inc.*, No. 4:14-CV-657-A, 2014 WL 5786956, *5 (N.D. Tex. Nov. 6, 2014) ("To the extent plaintiffs . . . claim . . . defendant only loaned plaintiffs their own money, created by the deposit of the promissory note, this claim fails as nonsensical.")
[16] *See* Complaint ¶¶ 4, 24.
[17] *See* Complaint ¶¶ 24, 25, 27.
[18] *See* Complaint ¶¶ 6-7.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS** **Page 3 of 9**
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

Despite failing to plead any cause of action, Closson obtained an *ex parte* temporary restraining order enjoining the April 5, 2016 foreclosure sale. Although she has not requested any further hearing, Closson also requests CMI be enjoined from prosecuting any continuance of a foreclosure sale pending a trial on the merits.[19]

### III. ARGUMENT & AUTHORITIES

**A.  Applicable Legal Standard.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  The plaintiff's burden is to plead facts which, on their face, give rise to a plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant.  *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth.  *Iqbal*, 129 S.Ct. at 1951.  A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964–65 (2007).  A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949.

In deciding a motion to dismiss, a court may consider not only the allegations made in the plaintiff's complaint, but also any documents incorporated in the pleading and all matters of which judicial notice may be taken.  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18

---

[19] *See* Complaint ¶ 40.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**      Page 4 of 9
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

(5th Cir. 1996). All documents referred to in the plaintiff's petition, and which are central to the plaintiff's action, are considered "incorporated in the pleading." *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–90 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim."). In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

**B.     Closson Does Not State a RESPA Claim.**

To the extent Closson's allegations are construed as asserting a cause of action under RESPA, any such claim should be dismissed because the information sought by Closson is outside the scope of a QWR. Section 2605(e)(1)(B) defines a QWR as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 USC § 2605(e)(1)(B).

Section 2605(e)(1)(A) also requires that the QWR relate "to the servicing of [the] loan." *Id.* "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest. . . ." *Id.* at § 2605(i)(3).

Closson contends her alleged QWR "seeks information that relates to the prior and present whereabouts of the Note signed at closing."[20] This is not the proper subject matter for a QWR. *See Starnes v. J.P. Morgan Chase Bank*, No. 4:12-cv-711-A, 2013 WL 1286655, at *2-3

---

[20] *See* Complaint ¶ 24.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**     Page 5 of 9
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

(N.D. Tex. Mar. 27, 2013) (dismissing RESPA claim based on plaintiffs' QWR seeking copies of the original note and deed of trust). Further, nowhere in the petition does she allege she complied with any of the statutory requirements for a QWR, including information permitting CMI to identify Closson's name and account number and that the request pertained to the servicing of the loan.

C. **Neither RESPA nor the CFPB Regulations Require CMI to Postpone the Foreclosure Sale.**

Assuming *arguendo* Closson properly served CMI with correspondence which complies with the requirements of a QWR triggering a response from CMI,[21] it does not follow CMI was required to postpone the foreclosure sale until it responded. In fact, there is no requirement a mortgage servicer refrain from continuing with a scheduled foreclosure sale. *See* 24 CFR § 3500.21(e)(4)(ii) (qualified written request does not require mortgage servicer to refrain from "pursuing any of its remedies, including initiating foreclosure, allowed by the underlying loan instruments.") Instead, "a plaintiff must allege actual damages resulting from a violation of § 2605." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010) (citing 12 USC 2605(f)(1)(A)); *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *see also Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012) ("A plaintiff must allege actual damages resulting from a violation of § 2605.")

D. **Sections 3.301, 3.302, and 3.501(b)(2) of the Texas Business & Commerce Code Create No Obligation for CMI to Postpone a Foreclosure Sale.**

Closson claims sections 3.301 and 3.302 of the Texas Business & Commerce Code require CMI to "establish its proof of claim to, or rights in, the Note . . . [b]efore acceleration and

---

[21] CMI denies Closson has done so.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**     **Page 6 of 9**
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

foreclosure[.]"[22] Closson further contends under section 3.501(b)(2), CMI "must exhibit the instrument for inspection as part of the proof necessary to establish its claim to, or rights in, the Note." Closson's reliance upon sections 3.301, 3.302, and 3.501(b)(2) of the Texas Business & Commerce Code is misplaced. Nothing in the cited sections requires a mortgagee to respond to "exhibit" the note, let alone cancel a foreclosure sale. CMI's right to foreclose is governed by chapter 51 of the Texas Property Code, not the Texas Business & Commerce Code.

Sections 3.301, 3.302, and 3.501, which are part of the Uniform Commercial Code, govern enforcement of negotiable instruments. *See generally* TEX. BUS. & COM. CODE §§ 3.301 ("Person Entitled to Enforce Instrument"), 3.302 ("Holder in Due Course"), 3.501 ("Presentment"). The comments to chapter 3 of the Texas Business & Commerce Code make clear it is "not meant to apply to contracts for the sale of goods or services or the sale or lease of real property or similar writings that may contain a promise to pay money." TEX. BUS. & COM. CODE § 3.104, cmt. 2; *see also* § 9.109(d)(11) ("This chapter does not apply to: the creation or transfer of an interest in or lien on real property . . ."); § 3.102(a)-(b) ("(a) This chapter applies to negotiable instruments. . . . (b) If there is a conflict between this chapter and Chapter 4 or 9, Chapters 4 or 9 govern."); *Clapp v. Wells Fargo, Nat. Ass'n*, No. 4:14–CV–035–A, 2014 WL 1677805, at *3 (N.D. Tex. Apr. 28, 2014) (quoting *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.) ("contrary to plaintiffs' assertions, a mortgage note is not "within" the UCC: '[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC.'")

CMI's right to enforce the deed of trust is instead governed by chapter 51 of the Texas Property Code. *Morlock, LLC v. Nationstar Mortg. LLC*, 447 S.W.3d 42, 47 (Tex. App.–

---

[22] *See* Complaint ¶¶ 25-27.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**     **Page 7 of 9**
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

Houston [14thDist.] 2014, pet. denied) ("Non-judicial foreclosure sales of real property under contract liens are governed by Chapter 51 of the Texas Property Code.")  Chapter 51 authorizes a "mortgagee" to enforce a security instrument through a non-judicial foreclosure sale, either directly or through a mortgage servicer.  *See* TEX. PROP. CODE §§ 51.002, 51.0025.

As a mortgage servicer, CMI is entitled to enforce the deed of trust, and has the right to sell the property at a foreclosure sale, if necessary, "even if it is not the owner and holder of the Note or of the original of the Note."  *Morlock*, 447 S.W.3d at 47.  Accordingly, "[n]o provision in Chapter 51 of the Texas Property Code requires a foreclosing party to prove its status as "holder" or "owner" of the Note or the original of the Note prior to foreclosure."  *Id.*; *see also Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013) (rejecting "show-me-the-note" theory).

### E.    Closson is Not Entitled to Injunctive Relief.

Closson's request for injunctive relief must also be dismissed because she fails to plead a viable cause of action.  *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires the plaintiff first plead a viable underlying cause of action)); *see also VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (noting a plaintiff seeking a permanent injunction must establish, among other things, success on the merits of his claim).  Because Closson does not assert a viable cause of action against CMI, dismissal of Closson's request for injunctive relief is proper.

### IV.    CONCLUSION

Closson fails to allege facts sufficient to state a viable claim against CMI, fails to articulate any particular claim or even identify any harm to be remedied.  In sum, Closson fails to

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS                                                                           Page 8 of 9
PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*

state a claim against CMI upon which relief can be granted pursuant to Rule 12(b)(6). Her claims must be dismissed with prejudice.

Date: May 27, 2016                                                          Respectfully submitted,

                                                                          */s/ Michael J. McKleroy, Jr.*
                                            Michael J. McKleroy, Jr., SBN: 24000095
                                            *Attorney-in-Charge*
                                            C. Charles Townsend, SBN: 24028053
                                            *Of Counsel*
                                            Leslie A. Utiger, SBN: 24078070
                                            *Of Counsel*
                                            AKERMAN, LLP
                                            2001 Ross Avenue, Suite 2550
                                            Dallas, Texas 75201
                                            Telephone: 214.720.4300
                                            Facsimile: 214.981.9339
                                            charles.townsend@akerman.com
                                            michael.mckleroy@akerman.com
                                            andrew.thomas@akerman.com

                                            **ATTORNEYS FOR DEFENDANT**
                                            **CITIMORTGAGE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, a true and correct copy of the foregoing was served as follows:

Wade Kricken
2711 North Haskell
Suite 550
Dallas, Texas 75204
wade@krickenlawfirm.com
*Counsel for Plaintiff*
**VIA CM/ECF SYSTEM**

                                                               */s/ Michael J. McKleroy, Jr.*
                                                               Michael J. McKleroy, Jr.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**                                                                **Page 9 of 9**
**PLAINTIFF'S PETITION FOR FAILURE TO STATE A CLAIM**
Civil Action No. 5:16-cv-00364; *Dustie Closson v. CitiMortgage, Inc.*