**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DUSTIE CLOSSON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CIVIL NO. SA-16-CA-00364-FB |
| | * | |
| **CITIMORTGAGE, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## MEMORANDUM AND RECOMMENDATION

On March 30, 2016, Dustie Closson commenced a lawsuit in the 288th Judicial District Court of Bexar County, Texas, cause no. 2016CI05482, to block foreclosure sale of the real property located at 330 Cedron Chase, San Antonio, Texas by Citimortgage, Inc. Closson contends Citimortgage violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA") by "not postpon[ing] the foreclosure sale despite receipt of Plaintiff's [Qualified Written Request]." Closson seeks (1) injunctive relief and (2) monetary and non-monetary relief. Citimortgage removed the case to federal court based upon the existence of a federal question, and has filed motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. (Docket no. 5). Closson has not responded. The motion should be granted.

**Background**

In her state court petition, Closson contends that she owns the property located at 330 Cedron Chase, San Antonio, Texas, and that Citimortgage is the mortgage servicer and noteholder of her loan. She states that a foreclosure sale is set for April 5, 2016. Closson alleges that she has submitted a Qualified Written Request under the Real Estate Settlement Procedures Act seeking, among other things, the true source of funding, if any, for the transaction. Specifically, she seeks information that relates to the prior and present whereabouts of the Note signed at closing. She asserts that Citimortgage is obligated to suspend foreclosure activity until it complies with this request.

Closson contends that, in this loan transaction, she signed a Note that promised to pay for a loan she had already received. She claims that "the Note itself was a check deposited into an account from which Defendant made the purported loan to Plaintiff." Closson alleges that Citimortgage did not loan any money of its own and has no loss attributable to her alleged default. She claims that, in the absence of a loss, the taking of her property to repay a loan that was generated from her promise to pay would be fraudulent. Closson argues that, pursuant to §§ 3-301 and 3-302 of the Texas Business and Commerce Code, Citimortgage must establish proof of its claim to or rights

in the Note.  Further she states that § 3-501(b)(2) requires Citimortgage to produce the instrument for inspection as part of the proof necessary to establish its claim to or rights in the Note.

The petition is presented through counsel, Wade Kricken of Dallas.  However, it is verified by Juan Ramirez.  Attached to the state court petition is a Power of Attorney executed by Closson authorizing Ramirez to sue and collect money on her behalf, to buy and sell property, to transact business, and to execute contracts, and granting him full power and authority to do any act necessary which the principal could do.

Citimortgage first notes that, contrary to her allegation, Closson is not, according to public records, the owner of the property.  On July 3, 2013, 330 Cedron Chase, San Antonio, Texas was conveyed by Adam and Dustie Closson to the 330 Cedron Trust, and on May 1, 2015, the 330 Cedron Trust conveyed the property to Pacific Standard Holdings.  **Motion to Dismiss**, exh. A.  Closson conveyed the property to the 330 Cedron Trust on July 3, 2013 before she executed the Power of Attorney to Ramirez on May 16, 2014.

Next, Citimortgage points out that this suit is the third involving the property at 330 Cedron Chase, San Antonio, Texas.  On May 1, 2014, the 330 Cedron Trust instituted suit in state court against Citimortgage and others to enjoin foreclosure sale

3

of 330 Cedron Chase, San Antonio, Texas. The state court petition alleged that, on June 14, 2006, Adam P. Closson and Dustie L. Closson purchased 330 Cedron Chase, San Antonio, Texas. On that date, they executed and delivered to CitiMortgage a Deed of Trust. On June 5, 2013, San Antonio Rustic Oaks Homeowners Association ("Rustic Oaks") judicially foreclosed upon Adam P. Closson and Dustie L. Closson's interests in the property, and said property was sold at foreclosure sale on July 2, 2013. The 330 Cedron Trust purchased the property from Rustic Oaks, and a warranty deed conveying the property to 330 Cedron Trust was recorded on July 3, 2013, as reflected in the Bexar County Tax Appraisal Records. Citimortgage removed the case to federal court and filed a motion to dismiss, cause no. SA-14-CA-465-DAE. Shortly thereafter, the parties stipulated to dismissal of the case.

On September 30, 2014, the 330 Cedron Trust, through Wade Kricken, Closson's current attorney, again instituted suit in state court against Citimortgage to enjoin a foreclosure sale of 330 Cedron Chase, San Antonio, Texas. The state court petition alleged that 330 Cedron Trust was the purchaser and owner of an assessment lien deed for the property located at 330 Cedron Chase, San Antonio, Texas. Citimortgage also removed this case to federal court, cause no. SA-14-CA-933-XR. Citimortgage filed

a motion for judgment on the pleadings. As in the case at bar, Kricken failed to file a response.

In his Order granting the motion, Judge Rodriguez found that Adam and Dustie Closson executed a note in the amount of $160,414.00 to and received a loan from Citimortgage for the purchase of 330 Cedron Chase. In exchange, the Clossons granted Citimortgage a Deed of Trust, which was properly recorded. The property was subject to several restrictions and covenants in favor of San Antonio Rustic Oaks Homeowner's Association. When the Clossons defaulted on their Homeowner's Association payments, Rustic Oaks foreclosed its lien. The 330 Cedron Trust purchased Rustic Oak's interest in the property. The state court petition asserts a cause of action for 330 Cedron Trust's equitable right of redemption under Texas Common law, and for injunctive relief. Judge Rodriguez found that 330 Cedron Trust failed to state a claim for an equitable right of redemption. He also concluded that, without a viable, underlying cause of action, plaintiff was not entitled to injunctive relief.

## **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to state a claim to relief that is plausible on its

face and to raise a right to relief above the speculative level. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it must include more than labels and conclusions or a formalistic recitation of the elements of a cause of action. ***Twombly***, 550 U.S. at 555. The mere possibility of misconduct is not sufficient. ***Iqbal***, 556 U.S. at 679.

## Analysis

### 1. RESPA

Title 12 U.S.C. § 2605(e) provides that it is the duty of a servicer of a federally-related mortgage loan to respond to a qualified written request ("QWR") from a borrower for information relating to the servicing of the loan. To state a viable claim under § 2605(e), plaintiff must plead that its correspondence met the requirements of a QWR, that loan servicer failed to make a timely response, and that this failure caused plaintiff actual damages. ***Williams v. Wells Fargo Bank, N.A.***, 560 F.App'x 233, 241 (5th Cir. 2014). The 330 Cedron Trust has failed to plead that its correspondence met the requirements of a QWR.

Section 2605(e)(1)(A) requires that the QWR relate "to the servicing of [the] loan." "Servicing" includes "any scheduled periodic payments from a borrower" or the "making of . . . payments of principal and interest. . . ." **Id.** at § 2605(i)(3). In her state court petition, Closson alleges that the "QWR specifically seeks information that relates to the prior and present whereabouts of the Note signed at closing." **Plaintiff's Original Verified Petition**, p. 3. A borrower's written demand for the production of certain loan documents does not relate to the "servicing" of a loan, and therefore does not trigger a loan servicer's response obligations under the statute. ***Armendariz v. Bank of Am., N.A.***, No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *6 (W.D.Tex. May 21, 2015). Closson's demand for production of the Note is not a proper QWR. Therefore, she has failed to state a claim under RESPA.

## 2. Uniform Commercial Code

Closson also contends that Citimortgage has violated §§ 3-301, 3-302 and 3-501 of the Texas Business and Commerce Code. Those provisions govern negotiable instruments. **Tex. Bus. & Com. Code Ann.** § 3.101 (West). Section 3-301 explains who is entitled to enforce an instrument. Section 3-302 describes "holder in due course." Section 3-501 governs presentment of an instrument. These provisions have no bearing on Citimortgage's right to foreclose.

Texas courts have routinely concluded that a party does not have to be a holder of the mortgage note prior to conducting a non-judicial foreclosure. **Martins v. BAC Home Loans Servicing, L.P.**, 722 F.3d 249, 253-54 (5th Cir. 2013). As the district court in **Wells v. BAC Home Loans Servicing, L.P.**, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D.Tex. Apr. 26, 2011) explained, Texas law "differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note." Thus, while provisions of the Uniform Commercial Code regarding negotiable instruments govern actions to enforce promissory notes, they have no application in foreclosure proceedings.

### 3. Injunctive Relief

Finally, as to Closson's request for an injunction, injunctive relief is a remedy and not an independent cause of action under Texas law. **Massey v. EMC Mortgage Corp.**, 546 Fed.Appx. 477, 483 & n. 8 (5th Cir. 2013)(affirming dismissal of request for injunctive relief where other claims failed). *See* **Torres-Aponte v. JP Morgan Chase Bank, N.A.**, No. 15-20362, 2016 WL 2610001, at *2 (5th Cir. May 5, 2016); **Allen v. Bank of Am., N.A.**, No. EP-14-CV-429-KC, 2015 WL 1726986, at *16 (W.D.Tex. Apr. 15, 2015). Having recommended dismissal of all of the causes of action in Closson's petition, the Court must also recommend dismissal of her claim for injunctive relief.

## **4. Rule 11 Sanctions**

Rule 11(b) of the Federal Rules of Civil Procedure provides that by presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may

impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. **Fed.R.Civ.P.** 11(c)(1). On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b). **Fed.R.Civ.P.** 11(c)(3).

In the last two lawsuits, filed on behalf of 330 Cedron Trust and now on behalf of Dustie Closson (through the Power of Attorney she conferred on Juan Ramirez), Wade Kricken has sought to stop foreclosure by Citimortgage on the property at 330 Cedron Chase, San Antonio, Texas pursuant to its Deed of Trust, the validity of which has never been challenged. Kricken filed a claim for 330 Cedron Trust's equitable right of redemption under Texas Common law, and for injunctive relief. Yet, he failed to respond to Citimortgage's motion for judgment on the pleadings which was granted. In the case at bar, Kricken filed a claim under RESPA and the Uniform Commercial Code. Again, he failed to respond to Citimortgage's motion to dismiss.

In both cases, Kricken presented pleadings claims which were not warranted by existing law. He made no attempt to defend, in either case, the presentation of those claims. In the instant case, he named Closson as the party plaintiff and alleged that she is the "record title holder to the property." In light of his prior representation of 330 Cedron Trust, the entity which

10

held title to the property after Closson's interest was foreclosed upon, Kricken had to be aware that Closson was not the record title holder to the property. Thus, his factual allegation in the instant lawsuit is false. It appears to this Court that the last two lawsuits were filed by Kricken for an improper purpose, such as to harass Citimortgage and cause unnecessary delay in the foreclosure of the property with no viable factual or legal basis for doing so. In response to this Memorandum and Recommendation, Kricken must show cause why sanctions under Rule 11 should not be imposed.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Citimortgage's motion to dismiss be **GRANTED**.

## Instructions for Service and Notice of Right to Object

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing a copy by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed.R.Civ.P., any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy. Such party shall file the objections with the District Clerk and serve the objections on all other parties and the Magistrate

11

Judge. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from de novo review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal conclusions to which the party did not object, which were accepted and adopted by the District Court. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985); ***Douglass v. United Servs. Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** July 13, 2016.

_____
**JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE**